UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KENNETH LEE WATKINS,<br><br>    Plaintiff,<br><br>v.<br><br>KOOTENAI COUNTY SHERIFF'S OFFICE; ROBERT B. NORRIS; and BRETT A. NELSON,<br><br>    Defendants. | Case No. 1:22-cv-00338-BLW<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

The Clerk of Court conditionally filed Plaintiff Kenneth Lee Watkins's Complaint as a result of Plaintiff's status as an inmate. The Court now reviews the Complaint to determine whether it or any of the claims contained therein should be summarily dismissed under 28 U.S.C. § 1915A. Having reviewed the record, and otherwise being fully informed, the Court enters the following Order.

1.  **Pleading Standards and Screening Requirement**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under modern pleading standards, Rule 8 requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007)). The *Iqbal/Twombly* "facial plausibility" standard is met when a complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than ... unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* (internal quotation marks omitted).

If the facts pleaded are "merely consistent with a defendant's liability," or if there is an "obvious alternative explanation" that would not result in liability, the complaint has not stated a claim for relief that is plausible on its face. *Id.* at 678, 682 (internal quotation marks omitted). Bare allegations that amount to a mere restatement of the elements of a cause of action, without adequate factual support, are not enough.

The Prison Litigation Reform Act ("PLRA")[1] requires that the Court review complaints filed by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity, as well as complaints filed in forma pauperis, to determine whether summary dismissal is appropriate. 28 U.S.C. § 1915A. The Court must dismiss any claims that do not have adequate factual support or are frivolous or malicious. 28 U.S.C. § 1915A.

---

[1] Pub. L. No. 104-134, 110 Stat. 1321, *as amended*, 42 U.S.C. § 1997e, *et seq.*

The Court also must dismiss claims that fail to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief. *Id*. These last two categories—together with claims that fall outside a federal court's narrow grant of jurisdiction—encompass those claims that might, or might not, have factual support but nevertheless are barred by a well-established legal rule.

The Court liberally construes the pleadings to determine whether a case should be dismissed for a failure to plead sufficient facts to support a cognizable legal theory or for the absence of a cognizable legal theory. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable factual *and* legal basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (discussing Federal Rule of Civil Procedure 12(b)(6)), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (stating that Rule 12(b)(6) authority to dismiss claims was expanded by the PLRA, giving courts power to dismiss deficient claims, sua sponte, before or after opportunity to amend).

## 2. Factual Allegations

Plaintiff is a prisoner in the custody of the Idaho Department of Correction. The events giving rise to Plaintiff's claims occurred while Plaintiff was a pretrial detainee held in the Kootenai County Jail. *Compl.*, Dkt. 1, at 2.

Plaintiff claims that, from November 2021 to February 2022, he was housed in a cell with cracked windows. These cracks caused the cell to "frequently register[] temperatures as low as thirty-three (33) degrees." *Id*. at 3. Plaintiff also states he was not provided with sufficient clothing or bedding to withstand the cold temperatures. Plaintiff names as Defendants the Kootenai County Sheriff's Office, Sheriff Robert B. Norris, and Undersheriff Brett A. Nelson.

**3.   Discussion**

   **A.   *Standards of Law***

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

Governmental officials generally are not liable for damages in their individual capacities under § 1983 unless they personally participated in the alleged constitutional violations. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *see also Iqbal*, 556 U.S. at 677 ("[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct."). Section 1983 does not allow for recovery against an employer or principal simply because an employee or agent committed misconduct. *Taylor*, 880 F.2d at 1045.

However, "[a] defendant may be held liable as a supervisor under § 1983 'if there exists ... a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)). A plaintiff can establish this causal connection by alleging that a defendant (1) set in motion a series of acts by others that violated the Constitution, or knowingly refused to terminate a series of such acts, which the supervisor "knew or reasonably should have known would cause others to inflict a constitutional injury"; (2) knowingly failed to act or acted improperly "in the training, supervision, or control of his subordinates"; (3) acquiesced in the constitutional deprivation; or (4) engaged in "conduct that showed a reckless or callous indifference to the rights of others." *Id.* at 1205–09 (internal quotation marks omitted).

To bring a § 1983 claim against a local governmental entity such as Kootenai County, a plaintiff must allege that the execution of an official policy or unofficial custom inflicted the injury of which the plaintiff complains, as required by *Monell v. Department of Social Services of New York*, 436 U.S. 658, 694 (1978). Under *Monell*, the requisite elements of a § 1983 claim against such an entity are the following: (1) the plaintiff was deprived of a constitutional right; (2) the entity had a policy or custom; (3) the policy or custom amounted to deliberate

indifference to plaintiff's constitutional right; and (4) the policy or custom was the moving force behind the constitutional violation. *Mabe v. San Bernardino Cnty.*, 237 F.3d 1101, 1110-11 (9th Cir. 2001). An entity also "may be held liable under § 1983 when the individual who committed the constitutional tort was an official with final policy-making authority" or when "such an official ratified a subordinate's unconstitutional decision or action and the basis for it." *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1250 (9th Cir. 2010), *overruled in part on other grounds by Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1069 (9th Cir. 2016) (en banc).

A plaintiff cannot simply restate these standards of law in a complaint. Instead, a plaintiff must provide specific facts supporting the elements of each claim and must allege facts showing a causal link between each defendant and Plaintiff's injury or damage. Alleging "the mere possibility of misconduct" is not enough. *Iqbal*, 556 U.S. at 679.

Plaintiff asserts his § 1983 claims under the Eighth and Fourteenth Amendments to the U.S. Constitution.

### B.  *Discussion*

Plaintiff was a pretrial detainee—not a convicted inmate—at all times relevant to his claims in this action. Claims of unconstitutional jail conditions asserted by pretrial detainees are governed not by the Eighth Amendment, but by

the Due Process Clause of the Fourteenth Amendment. For this reason, Plaintiff's Eighth Amendment claims are implausible and must be dismissed.

With respect to pretrial detainees, jail conditions violate the Constitution if those conditions amount to punishment. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Detainees' conditions-of-confinement claims are analyzed using a standard of "objective deliberate indifference." *Gordon v. County of Orange*, 888 F.3d 1118, 1124 (9th Cir. 2018). Under that standard, a detainee must establish the following elements:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Id.* at 1125. The application of this standard "will necessarily turn on the facts and circumstances of each particular case." *Id*. (internal quotation marks and alteration omitted).

Plaintiff's Complaint, liberally construed, appears to state colorable due process claims of unconstitutional living conditions. This Order does not guarantee that Plaintiff's claims will be successful. Rather, it merely finds that the claims are plausible, meaning that they will not be summarily dismissed at this time but will

proceed to the next stage of litigation. This Order is not intended to be a final or a comprehensive analysis of Plaintiff's claims.

Defendants may still file a motion for dismissal or motion for summary judgment if the facts and law support such a motion.[2] Because (1) prisoner filings must be afforded a liberal construction, (2) governmental officials often possess the evidence prisoners need to support their claims, and (3) many defenses are supported by governmental records, an early motion for summary judgment—rather than a motion to dismiss—is often a more appropriate vehicle for asserting procedural defenses such as non-exhaustion or entitlement to qualified immunity.

Plaintiff will be responsible for serving a summons and the Complaint upon Defendants by formal service of process or by obtaining signed waivers of service of summons from each Defendant or their counsel. Plaintiff must do so within 90 days. If he does not, his claims against unserved Defendants will be dismissed without prejudice, after notice to Plaintiff. *See* Fed. R. Civ. P. 4(m).

## ORDER

**IT IS ORDERED:**

1. Plaintiff may proceed on his due process claims against all

---

[2] The standards for a motion to dismiss for failure to state a claim under Rule 12(b)(6) are the same standards that the Court has used to screen the Complaint under § 1915A. Therefore, motions to dismiss for failure to state a claim are disfavored in cases subject to § 1915A and may be filed only in extraordinary circumstances.

Defendants. All other claims are DISMISSED.

2. This Order serves as formal notice that Plaintiff must complete one of the two following actions, as to each Defendant, within 90 days:

    a. <u>Formal Service of Process</u>:

        i. To obtain a summons from the Clerk of Court, Plaintiff must file a "Request for Issuance of Summonses," which must provide the names and service addresses of each Defendant to the Clerk of Court. Thereafter, the Clerk of Court will prepare and issue the summonses and provide them to Plaintiff.

        ii. Plaintiff must serve a summons and a copy of the complaint upon each Defendant by formal service of process, *see* Federal Rule of Civil Procedure 4(c). Each type of Defendant must be served in the specific manner specified in the subsection of Rule 4 that applies to the particular defendant; for example, the rules for serving individuals are different for the rules for serving entities or local governments. *See* Fed. R. Civ. P. 4(e) through (j). Simply mailing the complaint to the defendants or their lawyers is not sufficient service of process.

      iii.      If Plaintiff chooses to use formal service of process, it must be accomplished pursuant to Rule 4(c), including by a person qualified according to Rule 4(c)(2).

      iv.      Immediately after service, the person serving the summons and complaint must file a "Return of Service" with the Clerk of Court to show the date, time, manner of service, and person upon whom the documents were served. If this document is not filed during or immediately after the 90-day service deadline, the complaint will be dismissed without prejudice.

  b.  <u>Waiver of Service of Summons</u>:

      i.      Alternatively, Plaintiff can obtain "Waiver of Service of Summons" forms by requesting them from the Clerk of Court.

      ii.      Plaintiff can prepare and send to each Defendant (not their attorney) a completed waiver form and a copy of the complaint, following Rule 4(d). Plaintiff must enter the date the waiver is being sent to the Defendant on each form before sending the waiver. The Defendant then has 30 days from the date entered on the form to sign and file

        the waiver if they choose to waive service. Defendants are not required to waive service.

    iii.    Plaintiff must send out the waivers of service exactly as specified in Rule 4(d).

    iv.    If a defendant chooses to waive service, then the defendant will file the waiver of service of summons with the Clerk of Court, and the defendant is obligated to file an answer or permissible pre-answer motion, or the defendant may be subject to entry of default.

    v.    If a defendant does not agree to waive service and does not file the waiver of service within the deadline, then the Plaintiff must use formal service of process (see above) to serve each Defendant according to Rule 4 within 90 days after issuance of this Order. If Plaintiff needs an extension of time to accomplish formal service of process after defendants fail to return waivers of service, then Plaintiff must file a "Motion for Extension of Time for Service under Rule 4(m)."

3.    If Plaintiff does not accomplish formal service of process or ensure that a signed waiver of service of summons for each defendant has

been filed by the defendant within 90 days after issuance of this Order, all claims against any unserved Defendants will be subject to dismissal without prejudice, with or without additional notice to Plaintiff. *See* Fed. R. Civ. P. 4(m).

4. After Defendants appear, the Court will issue an order governing the pretrial schedule in this case, including disclosure and discovery. *See* General Order 343, *In Re: Adoption of a Standard Disclosure and Discovery Order for Pro Se Prisoner Civil Rights Cases* (Feb. 8, 2019).

5. Plaintiff must notify the Court immediately if Plaintiff's address changes. Failure to do so may be cause for dismissal of this case without further notice.

DATED: November 8, 2022

B. Lynn Winmill
U.S. District Court Judge