UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KENNETH LEE WATKINS,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>KOOTENAI COUNTY SHERIFF'S OFFICE; ROBERT B. NORRIS; and BRETT A. NELSON,<br><br>　　　　　Defendants. | Case No. 1:22-cv-00338-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

　　　　Plaintiff, a prisoner in the custody of the Idaho Department of Correction, is proceeding pro se in this civil rights action. Plaintiff has been permitted to proceed on due process claims that, while he was a pretrial detainee in the Kootenai County Jail, he was subjected to extremely cold cell temperatures. *See Init. Rev. Order*, Dkt. 5, at 4, 7–8.

　　　　Defendants have filed a Motion for Summary Judgment. Dkt. 36. Instead of responding to the Motion for Summary Judgment, Plaintiff has filed a Motion to Compel and two Motions to Stay. Dkts. 39, 40, 41.

　　　　Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. *See* D. Idaho Loc. Civ. R. 7.1(d). Accordingly, and for the reasons that follow, the Court will deny Plaintiff's Motions and give Plaintiff one final opportunity to file a response to Defendants' Motion for Summary Judgment.

1.      **Plaintiff's Motion to Compel**

After the close of discovery—and after Defendants filed their Motion for Summary Judgment—Plaintiff filed a Motion to Compel. He requests an order compelling Defendants to respond to subpoenas "seeking production of documents related to the maintenance of the jail and other relevant information." Dkt. 39 at 2. Plaintiff claims that, "despite repeated requests and ample time" to respond, Defendants have not done so. *Id*. at 2–3.

Federal Rule of Civil Procedure 26(b) allows parties to obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Fed. R. Civ. P. 26(b)(1). In addition, "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." *Id.* If an answering party fails to adequately respond to discovery requests, the propounding party can move for an order compelling discovery under Federal Rule of Civil Procedure 37(a).

This case is subject to the District of Idaho's Standard Disclosure and Discovery Order for Pro Se Prisoner Civil Rights Cases. Dkt. 13. Broadly described, that Order enhances initial disclosure requirements and limits the number of permissible discovery requests in pro se prisoner cases.

As explained below, Plaintiff's Motion to Compel will be denied as untimely.

"Although the Federal Rules of Civil Procedure place no time limit on the outside date for the filing of a motion to compel discovery," motions to compel filed after the close

of discovery generally are deemed untimely." *Green Aire for Air Conditioning W.L.L. v. Salem*, No. 118CV00873LJOSKO, 2020 WL 58279, at *2 (E.D. Cal. Jan. 6, 2020) (quoting *Thomason v. City of Fowler*, No. 1:13-CV-00336-AWI-BAM, 2014 WL 4436385, at *4 (E.D. Cal. Sept. 9, 2014) (citing cases)). District courts "within the Ninth Circuit have regularly denied motions to compel when those motions were filed after the close of discovery." *Peck v. Cincinnati Ins. Co.*, No. 1:14-CV-00500-BLW, 2016 WL 9308018, at *2 (D. Idaho May 3, 2016) (citing *Kizzee v. Walmart, Inc.*, No. CV 10-0802-PHX-DGC, 2011 WL 3566881 (D. Ariz. Aug. 15, 2011) (denying motion to compel filed three months after the close of discovery and after motions for summary judgment had been filed); *Skinner v. Ryan*, No. CV-09-2152-PHX-SMM (LOA), 2010 WL 4602935 (D. Ariz. Nov. 5, 2010) (motion to compel filed over three months after the deadline for bringing discovery disputes to the court's attention denied as untimely); *Christmas v. MERS*, No. 2:09-cv-01389-RLH-GWF, 2010 WL 2695662 (D. Nev. July 2, 2010) (denying motion to compel filed after deadline for discovery and dispositive motions as untimely)).

When faced with a motion to compel that is filed after the close of discovery, courts consider a number of factors in deciding whether the motion should nevertheless be considered:

> (1) the length of time since the expiration of the deadline, (2) the length of time that the moving party has known about the discovery, (3) whether the discovery deadline has been extended, (4) the explanation for the tardiness or delay, (5) whether dispositive motions have been scheduled or filed, [6] the age of the case, [7] any prejudice to the party from whom late discovery was sought, and [8] disruption of the court's schedule.

MEMORANDUM DECISION AND ORDER - 3

*Days Inn Worldwide, Inc. v. Sonia Invs.*, 237 F.R.D. 395, 398 (N.D. Tex. (2006)) (collecting cases looking to discovery deadline date to determine whether a motion to compel is timely filed); *see also Rogers v. Brauer Law Offices, PLC*, CV–10–1693–PHX–LOA, 2011 WL 3665346, at *4 (D. Ariz. Aug. 22, 2011) (collecting Ninth Circuit cases where courts have denied discovery motions filed after the discovery deadline).

Because granting Plaintiff's Motion to Compel would result in a "de facto modification of the scheduling order," *Rogers*, 2011 WL 3665346 at *4, the Court examines the *Days Inn* factors to determine whether there is good cause to modify the discovery deadline in this case. *See* Fed. R. Civ. P. 16(b)(4).

The discovery deadline set by the Court's latest order was July 30, 2024. *See* Dkt. 36 (granting Plaintiff's motion for 60-day extension of time to complete discovery, which deadline had previously been extended to May 31, 2024). Plaintiff requested from Defendants the information sought in the Motion to Compel on May 2, 2024, and July 17, 2024 (less than two weeks before the close of discovery). *See Fegert Decl.*, Dkt. 42-1, ¶ 4 and Ex. 1. Defendants responded to the May 2 subpoena by producing documents. They responded to the July 17 subpoena by stating they had no further documentation responsive to the subpoena.[1] *Id.*, Ex. 1.

Plaintiff did not file the instant Motion to Compel until September 19, 2024 (mailbox rule). Plaintiff offers no persuasive explanation for his failure to file a motion to

---

[1] In addition, Defendants had provided initial disclosures on March 31, 2023, and responded to Plaintiff's request for production of documents on November 15, 2023, *see Fegert Decl.* at ¶¶ 2–3 and Ex. 1, amounting to over 400 pages of documents.

compel before the discovery deadline—or for his service of a subpoena with less than two weeks remaining in the discovery period. And, as explained earlier, the Court has twice granted Plaintiff's requests to extend discovery. *See* Dkts. 29, 32. Thus, the first four *Days Inn* factors weigh against considering Plaintiff's Motion to Compel.

Defendants have filed a dispositive motion, and this case is over two years old. Therefore, the fifth and sixth *Days Inn* factors counsel against granting the Motion to Compel.

The seventh factor—prejudice to Defendants—weighs slightly in favor of Plaintiff in this case. Because Defendants have already responded to the vast majority of Plaintiff's requests for discovery, including the subpoenas, *see Fegert Decl.*, Ex. 1, 2, the Court finds that Defendants would not be unduly prejudiced by the Court's consideration of the Motion to Compel.

Finally, the eighth *Days Inn* factor weighs against Plaintiff. The Court's schedule would be severely disrupted were the Court to extend the discovery deadline in order to consider Plaintiff's Motion to Compel.

Having balanced all of these factors, the Court concludes that it will not consider Plaintiff's untimely Motion to Compel but will deny the Motion as untimely.

**2.     Plaintiff's Motions to Stay**

Plaintiff seeks a stay or an extension of time under Federal Rule of Civil Procedure 56(d). Under that Rule, "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or

declarations or to take discovery; or (3) issue any other appropriate order."

Plaintiff's primary basis for his Rule 56(d) request is Defendants' purported failure to provide documents in response to the subpoenas. *See generally* Dkt. 40, 41. Because Plaintiff's Motion to Compel those responses will be denied as untimely, his Rule 56(d) requests on that basis must necessarily be denied as well.

Plaintiff also complains that he lacks legal resources. *See* Dkt. 41 at 3. The Court recognizes that prison law libraries generally are not as broadly helpful as one would wish and that, as a pro se prisoner litigant, Petitioner is incarcerated and lacks legal training. But this is true of nearly all prisoner cases.

Though the Constitution guarantees prisoners the right to access the courts, that right extends only so far as to ensure that inmates can "*present* their grievances to the courts." *Lewis v. Casey*, 518 U.S. 343, 360 (1996) (emphasis added). It does not guarantee that inmates "be able to conduct generalized research" or that they be granted "the wherewithal to transform themselves into litigating engines." *Id*. at 355, 360. As can be seen from the record in this case, Petitioner has done an adequate job of representing himself to date. His difficulties in more skillfully litigating his claims are simply "incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id*. at 355.

Accordingly, the Court will deny Plaintiff's Motions to Stay.

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Motion to Compel (Dkt. 39) is DENIED as untimely.

2. Plaintiff's Motion to Stay and Supplemental Motion to Stay (Dkts. 40 and

      41) are DENIED.

3. Plaintiff must respond to Defendants' Motion for Summary Judgment no later than 21 days after entry of this Order. If Plaintiff does not file a timely response, this case may be dismissed with prejudice and without further notice for failure to prosecute or failure to comply with a Court Order. *See* Fed. R. Civ. P. 41(b).

DATED: November 15, 2024

_____
David C. Nye
Chief U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 7